ANDRÉS QUINTANA-REYES, Appellant, v. REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 633. Submitted April 13, 1926.—Decided February 3, 1927.

The parties appeared by briefs.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In an action of debt brought by Andrés Quintana Reyes against Buenaventura Fuster an attachment was levied and recorded in the registry on a condominium of thirty percent owned by defendant in a certain rural property.

The court rendered judgment for plaintiff. The judgment was executed and the said condominium was sold by auction to the creditor.

Subsequent to the attachment the defendant sold the attached condominium to Emilia Mollá and this conveyance was recorded in the registry. Whereupon the plaintiff,

taking advantage of section 71 of the Mortgage Law, applied to the court and secured the cancellation of that record. Later when the order of the court was presented for record the registrar refused to record it and in his decision he expressed himself as follows:

"The cancellation of this document is denied because it appears from the registry that there is a record in favor of Lucas Marrero of a lease right for 120 days from the first of the current year on the back of folio 156, vol. 10 of Villalba, property No. 32, and because it does not appear from the order of cancellation that the lessee had been notified in conformity with subdivision 3 of section 71 of the Mortgage Law; and an entry thereof for 120 days is made in compliance with the law on the back of folio 158 of vol. 10 of Villalba, property No. 32, entry letter 'E'. Ponce, P. R. February 4, 1926."

In his brief the registrar sustains the primary right of Marrero because the contract of lease was presented in advance of the order directing the cancellation of the record of ownership in the name of Emilia Mollá, and because he was not empowered to cancel a record on the statement from a party in another contract which contradicts the first.

The authority of Galindo and Escosura referred to by the registrar can not be considered, because their commentaries refer to section 71 of the Spanish Mortgage Law which came into force in the West Indies on May 1, 1880, and was modified later by the Mortgage Law enacted for Porto Rico on the 14th of July, 1893; and the quotation from Morell made by him is rather adverse to his contention, for it deals with the modification made in the colonial laws enlarging section 71, thus putting an end to the argument regarding the necessity in which a creditor found himself of bringing an ordinary action to cancel a conveyance made by a debtor to third parties during the record of an attachment.

Therefore, though the judgment of the trial court directing the cancellation was presented in the registry within the 120 days of the effectiveness of the record in favor of

Marrero, this could have no legal effect as against Quintana because Marrero had no more rights in the premises than those derived from the title of Mollá, that is, from his purchase from Fuster; and the said conveyance remained subject to the effects of the first record of attachment made in the action brought by Mollá against the appellant. Hence, as the latter secured the cancellation of that conveyance by virtue of the proceeding established by section 71 of the Mortgage Law, it carried with it *ipso jure* the cancellation of the record in favor of Marrero, who had, through the registry, constructive notice of Quintana's rights. The effect of such legal notice seems evident because it would be unjust that after Quintana had secured the cancellation of the conveyance of the dominium executed by the debtor in favor of Mollá after the former had recorded his attachment, the creditor should be compelled to begin anew whenever the third parties, to whom the debtor had made the conveyance, incumbered in their turn the property or made a new conveyance thereof. This would be a continuous process or it would create an indefinite situation, and this is avoided by means of the provisions of section 71.

For the above reasons the registrar's decision must be reversed.

Mr. Justice Wolf concurred.

### CONCURRING OPINION OF MR. JUSTICE WOLF

The additional reasons that I have for the reversal are as follows: A lease which does not comply with the Mortgage Law does not come at all within the province of that law. If parties make a lease of less than six years, as here, and do not agree on its record the said instrument has no recordable character. It is not merely a defective instrument. Suppose, for example, that the lessor never intended to consent to a record, can the mere will of the lessee in presenting an unrecordable deed frustrate the rights of other

parties? A cautionary notice of a lease not complying with the Mortgage Law can not give a party any right *in pais* that he would not otherwise have had. If a party is seeking a right of record independently of a right *in pais* such a right of record can not arise before the instrument is made recordable. The effect of a cautionary notice in a case like this could at utmost only be to advise third persons of the supposed right of the lessee. Not being a recordable lease, the cautionary notice was ineffective to prevent the cancellation. The provisions of the Mortgage Law with respect to what leases may be recorded are imperative and third persons are not affected *in pais* by the accident of a cautionary notice in the registry.

It is true that the parties to the lease subsequently filed a lease, or the lease, in which both parties consented to the record. That lease, however, only had a recordable character with regard to third persons from the moment of its presentation in the registry. The cautionary notice could not avail to give it an effect as of a date previous to its actual presentation. If the matter was doubtful before, the actual presentation to the registry should have dissipated the doubts. Here was a recordable deed of lease presented on a certain day when prior to that day the registrar had an order of cancellation in his possession.

The registrar says that Marrero should have been notified of the cancellation. The appellant counters with some reason that he could not divine the existence of the lease. And after the cautionary notice, if any rights accrued thereby to the lessee, it was too late. The cautionary notice, however, was no more effective than if Marrero had written to Quintana saying that Emilia Mollá had given him a lease of less than six years.